**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SERAMA, S.A.,<br>Petitioner,<br><br>v.<br><br>BARIVEN, S.A., and<br>PETROLEOS DE VENEZUELA, S.A.<br>Respondents. | C.A. No. 1:24-cv-00764-LPS |

**PETITIONER'S CORRECTED MOTION TO STRIKE NEW MATERIAL**
**IN RESPONDENTS' REPLY BRIEF**

Pursuant to Fed. R. Civ. P. 7(b) and D. Del. LR 7.1.2, petitioner Serama, S.A. ("**Serama**"), through its undersigned attorneys, moves that the Court strike the new argument and unsupported factual allegations improperly raised in Respondents' reply brief.

## I. INTRODUCTION

1. Local Rule 7.1.3(b)(2) prohibits parties from raising new arguments and other material in a reply brief that they failed to raise in their principal brief. *See* D. Del LR 7.1.3(b)(2). Respondents improperly both raise a novel legal argument and make new and unsupported factual assertions not contained in their principal brief. These should be stricken or disregarded by the Court.

2. The new material is completely unsubstantiated. The Respondents' accusations of corruption and sanctions violations are not supported by anything at all that even looks like evidence. Respondents also make factual allegations relating to the merits of the underlying arbitration that are similarly unsupported by evidence. The Court should strike these unsupported factual assertions.

3. More important is the fact that these allegations are irrelevant to the question before the Court. The only issue here is whether the Respondents were properly served and, having been properly served, whether their failure to appear justifies the default judgment. Allegations about the underlying transactions have no bearing on that question.

4. Finally, allegations about the underlying transactions are improper in a summary proceeding to confirm an arbitral award under the New York Convention. Any factual issues have been disposed of in the underlying arbitration and the Court has no power under the Federal Arbitration Act, 9 U.S.C. 201 *et seq*. (the "**FAA**"), to revisit these findings.

5. The Respondents are simply throwing in at the last minute any contention they can think of in an effort to stave off what was undoubtedly a proper grant of default judgment. The Court should not permit this subterfuge to succeed.

## II. BACKGROUND

6. Serama filed a Petition to Confirm Arbitral Award (the "**Petition**") on June 28, 2024. D.I. 1.

7. After multiple attempts, Serama succeeded in accomplishing service on Respondents by diplomatic note delivered by the U.S. Department of State on December 23, 2025. D.I.15-1.

8. On June 25, 2026, this Court entered a default judgment in favor of Petitioner (D.I. 20) (the "**Default Judgment**").

9. On July 13, 2026, more than six months after they were served, Respondents filed a motion to vacate the Default Judgment (D.I. 24) along with their opening brief (D.I. 25) (the "**Opening Brief**").

10. On August 28, 2026, Petitioner filed its answering brief in opposition to Respondents' motion to vacate (D.I. 33) (the "**Answering Brief**"), which it subsequently amended (D.I. 34) (the "**Amended Answering Brief**").

11. On October 26, 2026, Respondents filed their reply brief (D.I. 39) (the "**Reply Brief**"), which included the new arguments and allegations discussed here.

## III. ARGUMENT

### A. Respondents' New Arguments Should be Stricken

12. D. Del. LR 7.1.3(b)(2) provides in relevant part that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."

13. Respondents argue in the preliminary statement to their Reply Brief that Serama is a "shell" company and a "potentially corrupt" party set up to evade U.S. laws and regulations, and that it would "violate U.S. public policy" to permit

Serama to collect on the award granted by the arbitral tribunal. D.I. 39, p. 6. This was not raised in the Respondents' opening brief.

14. Later in their Reply Brief, Respondents make a host of allegations for the first time, alleging (D.I. 39, pp. 14-15) that:

- The purchase orders in question may be the result of corrupt business practices;
- Serama likely did not suffer any damages and may be a mere shell;
- Serama and the arbitral award itself may have violated U.S. laws and regulations; and
- The arbitral tribunal erred in making numerous findings based on Bariven's lack of response.

15. None of these allegations appear anywhere in Respondents' Opening Brief. *See* D.I. 25.

16. These claims were therefore improperly introduced in the Reply Brief and should be stricken.

**B. The New Allegations are Thoroughly Unsubstantiated and Speculative**

17. The Reply Brief is unaccompanied by any actual evidence. Instead, it contains unsubstantiated assertions by counsel that could easily have been accompanied by documentary evidence if it actually existed. The new arguments that Respondents introduce in their Reply Brief are peppered with language that demonstrates just how flimsy they are. For example:

- They state that "public reporting suggests" that Serama is a "potentially" corrupt party, and the arbitral award is "at best questionable" and "at worst," a sham award. D.I. 39 p. 6.
- They allege that the purchase orders "may be" the result of corrupt business practices, arguing that "public reporting indicates" that a company called Energreen, which was "identified" by the tribunal as "connected" to Serama, was allegedly "part of a bribery scheme to extract improper benefits from Bariven." D.I. 39, p. 14.
- They note in conclusory fashion that Serama "likely" did not suffer any damages and that it "appears to be" a shell. *Id.*
- They complain that a statement by Serama "begs the question" whether it is owned or controlled by sanctioned parties. *Id.* at 15.

18. None of these has any support whatsoever, and none demonstrates the existence of a meritorious defense. All are qualified by "weasel words," allowing Respondents to avoid committing to a position, presumably so they cannot be accused of misleading the Court. Respondents merely advert to the possibility that some irrelevant issues, which the Respondents did not raise previously or were disposed of in the underlying arbitration, might possibly exist.

19. By hastily tossing these careless and unsupported allegations into their Reply Brief, Respondents provide a perfect demonstration as to why Rule 7.1.3(b)(2) is necessary.

### C. The New Arguments and Allegations are Irrelevant to the Question before the Court

20. As explained in Serama's Amended Answering Brief, Chapter 2 of the FAA (implementing the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**") does not permit an attack on the underlying factual findings of an award on any of the grounds half-heartedly suggested by Respondents. *See* D.I. 34, p. 8.

21. Of the new arguments advanced in the Reply Brief, only the public policy argument is even potentially reviewable by this Court: Under the New York Convention, a court may refuse recognition if it finds that "[t]he recognition or enforcement of the award would be contrary to the public policy of that country." New York Convention, art. V, para. 2(b).

22. However, this exception is narrow and does not allow the Court to revisit the tribunal's findings, particularly where the tribunal itself examined the same public policy concerns.

23. Here, Respondents base their public policy argument on factual allegations that should have been raised in the arbitration and, if necessary, before the courts of the seat of the arbitration, the Netherlands. Bariven failed to do so.

24. Further, some of these allegations are contradicted by the arbitral award itself, which is dispositive of those issues. The Serama arbitral tribunal conducted its own thorough examination of corruption, in which it concluded that there was no evidence of it. (D.I. 3-1, Final Award, ¶¶ 123-149). Under the FAA, the Court has no power to revisit this conclusion.

## IV. <u>Conclusion</u>

25. Respondents' Reply Brief cannot rebut any of the points made by the Petitioner in its opposition brief, particularly the complete absence of a meritorious defense. Respondents therefore hope to intimate the possible existence of one. But because none actually exists, they rely on brand new and completely unsubstantiated statements by counsel. If they really had evidence showing a potentially meritorious defense, they were obliged to present it in their principal brief, and in admissible form. The Respondents did not do so, and it is far too late to suggest that maybe, if they were given yet another chance, they might be able to come up with something.

For the foregoing reasons, Petitioner Serama respectfully requests that the Court strike the new matter raised by Respondents Bariven and PDVSA in their Reply Brief and identified in this motion. The Court should deny Respondents' motion to vacate the Default Judgment for the reasons set forth in Petitioner's Answering Brief.

Dated: November 13, 2026

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*

Richard Beck (Bar No. 3370)
Raymond H. Lemisch (Bar No. 4204)
Sally E. Veghte (Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 552-5501
Email: rbeck@klehr.com
rlemisch@klehr.com
sveghte@klehr.com

-And-

**PROVENZANO GRANNE & BADER LLP**
Jennifer Bader
(admitted *pro hac vice*)
S. Christopher Provenzano
(admitted *pro hac vice*)
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
Telephone: (212) 653-0388
Email: jennifer.bader@pgbfirm.com